# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **DAVID J. MANNING, JR.** | **CIVIL ACTION NO. 19-0909** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **JERRY GOODWIN** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Petitioner David J. Manning, Jr., a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on approximately July 8, 2019. Petitioner attacks his felony convictions (three counts) for possession with intent to distribute, his misdemeanor conviction for possession of drug paraphernalia, his three concurrent 33-year prison sentences for the felony convictions, and his 6-month sentence for the misdemeanor conviction.[1] For reasons that follow, the Court should dismiss this Petition as untimely.

## Background

On March 21, 2014, a jury found Petitioner guilty of three counts of possession with intent to distribute and of one count of possession of drug paraphernalia. [doc. # 1, p. 1]. The Fourth Judicial District Court, Ouachita Parish, "imposed concurrent sentences of 21 years at hard labor, without benefits, on each felony conviction and six months on the misdemeanor conviction." *State v. Manning*, 50,210 (La. App. 2 Cir. 11/18/15), 182 So. 3d 243, 244 (recounting procedural history).

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Petitioner appealed. While the initial appeal was pending, "the state filed a habitual offender bill, and [Petitioner] was subsequently adjudicated a fourth (or subsequent) felony offender." *Id.* "The trial court vacated its original sentence and imposed concurrent sentences of 33 years at hard labor without benefit of probation or suspension of sentence as to each of the three felony counts, and a six-month sentence for the misdemeanor." *Id.* On April 15, 2015, the Court of Appeal of Louisiana, Second Circuit, affirmed Petitioner's convictions and sentences. *State v. Manning*, 49,747 (La. App. 2 Cir. 4/15/15), 164 So. 3d 346.

On an unknown date, Petitioner appealed again, challenging his habitual offender status and the constitutionality of his revised sentences. On November 18, 2015, the Court of Appeal of Louisiana, Second Circuit, affirmed Petitioner's "habitual offender adjudication and sentence." *Manning*, 182 So. 3d at 246. On February 26, 2016, the Supreme Court of Louisiana denied Petitioner's Application for Writ of Certiorari and/or Review. *State v. Manning*, 2015-2235 (La. 2/26/16), 187 So. 3d 471.

On March 14, 2016, the Supreme Court of Louisiana declined to consider Petitioner's Application for Writ of Certiorari and/or Review (in which he sought review of the assignments of error he raised in his initial appeal), finding it untimely under LA. S. CT. RULE X § 5. *State ex rel. Manning v. State*, 2015-1140 (La. 3/14/16), 188 So. 3d 1065.

Petitioner did not apply for certiorari before the United States Supreme Court. [doc. # 1, p. 3].

On approximately October 10, 2017, Petitioner filed an application for post-conviction relief before the trial court. [doc. # 1-3, pp. 1-8]. The trial court denied Petitioner's application on November 29, 2017. [doc. # 1, p. 6].

Petitioner filed a writ application before the Louisiana Second Circuit Court of Appeal on

approximately January 5, 2018. [doc. # 1-3, pp. 20-31]. The appellate court denied the application on March 15, 2018. [doc. # 1, p. 6]. The Supreme Court of Louisiana denied Petitioner's writ application on March 18, 2019. *State v. Manning*, 2018-0614 (La. 3/18/19), 265 So. 3d 758.

Petitioner filed the instant proceeding on approximately July 8, 2019, raising five permutations of ineffective assistance of counsel, one claim that the trial court considered a pending charge against him, which was subsequently dismissed, when it calculated his sentence, and another claim that, after a juror spoke with a witness, either Petitioner's trial counsel, the trial judge, or both failed to properly remedy the issue. [doc. #s 1, 1-2].

## **Law and Analysis**

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, with respect to subsection "C" above, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively

3

applicable to cases on collateral review. With respect to subsection "D," Petitioner does not contend that "the factual predicate of the claim or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final.

Petitioner does not mention subsection "B" or otherwise argue that he was impeded from filing this Petition.[2] Out of caution, though, the undersigned will examine subsection "B."

Petitioner alleges that "he has been trying to obtain a copy of his trial transcripts to no avail; from the refusal to answer letters inquiring about the transcripts, to motions being filed, the Fourth Judicial District Court, Parish of Ouachita, has shown a total disregard for Petitioner's right to obtain a copy of these trial transcripts." [doc. # 1-2, p. 1]. He suggests that his lack of the trial transcript prejudiced his appeal. *Id.* at 2. He also maintains that "all his claim[s] filed in [] Louisiana's court system have been filed without the support his trial transcripts." *Id.*

The requirements for the "statutory time-bar reset provision of § 2244(d)(1)(B) . . . are understandably steep." *Wickware v. Thaler*, 404 F. App'x 856, 862 (5th Cir. 2010). To invoke the "reset," a petitioner "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Id.*

Here, Petitioner does not contend that the lack of access to his trial transcript prevented him from filing this Petition (or any other state court proceeding);[3] rather, Petitioner only

---

[2] See *Hebrard v. Day*, 232 F.3d 208 (5th Cir. 2000) ("Hebrard does not argue that a state impediment prevented him from timely filing a § 2254 petition."); *Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) (finding that, because the petitioner "did not allege that the state habeas court created an 'unconstitutional' impediment that prevented him from timely filing his federal habeas application[,] . . . the statutory exception in § 2244(d)(1)(B) [did] not apply.").

[3] See *Cardona v. Davis*, 770 F. App'x 179, 184 (5th Cir. 2019) (examining 2244(d)(1)(B) and concluding, "We find no error in the district court's finding that Cardona's thin account of what was deficient . . . do[es] not establish official impediments to his access to the courts for these 23 months."); *Parker v. Johnson*, 220 F.3d 584 (5th Cir. 2000) (finding, where the petitioner argued "that his alleged lack of access to legal materials . . . extend[ed] the tolling period under 28

4

suggests that the lack of a trial transcript prejudiced his direct appeal. [doc. # 1-2, p. 2]. In fact, while Petitioner allegedly remains bereft of the trial transcript, he was able to raise his claims in the instant Petition. See *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (holding that the state's failure to provide the petitioner with a transcript did not prevent him from filing and adding that if the petitioner "desired the complete trial transcript to aid the court in deciding his petition, he could have sought the district court's help in obtaining the missing portions through discovery after he filed his petition."); see also *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (finding that the petitioner's filing of a petition before the alleged impediment was removed suggested that the state action did not prevent petitioner from timely filing).

Consequently, the one-year period of limitation "runs" from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).

Following his initial appeal, the Second Circuit Court of Appeal affirmed Petitioner's convictions and sentences on April 15, 2015. *Manning*, 164 So. 3d at 346. The Second Circuit mailed the notice of judgment the same day.[4] Under Louisiana Supreme Court Rule X, § 5(a), an applicant has thirty days, from the mailing of the notice of the original judgment of the court of appeal, to apply to the Louisiana Supreme Court for review of a judgment of the court of appeal. Petitioner, therefore, had until May 15, 2015, to file an application before the Louisiana Supreme Court. Petitioner, however, did not file his application before the deadline.

---

U.S.C. § 2244(d)(1)(B)[,]" that the petitioner did not show that "the State imposed an unconstitutional impediment to the filing of his federal habeas petition . . . .").

[4] TELEPHONE CALL TO LOUISIANA SECOND CIRCUIT COURT OF APPEAL, August 23, 2019 (confirming date of the mailing of the notice of the original judgment).

5

As noted, on March 14, 2016, the Supreme Court of Louisiana declined to consider Petitioner's Application for Writ of Certiorari and/or Review (in which he sought review of the assignments of error he raised in his initial appeal), finding it untimely under LA. S. CT. RULE X § 5. *State ex rel. Manning v. State*, 2015-1140 (La. 3/14/16), 188 So. 3d 1065.[5] Thus, absent Petitioner's second appeal, his conviction would have become final on May 15, 2015, when his time for seeking further review in state court expired.[6] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (when a petitioner concludes his state court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires.").

Petitioner did, however, file a second appeal. On November 18, 2015, the Court of Appeal of Louisiana, Second Circuit, affirmed Petitioner's "habitual offender adjudication and sentence." *Manning*, 182 So. 3d at 246. On February 26, 2016, the Supreme Court of Louisiana

---

[5] See *Thomas v. Goodwin*, 786 F.3d 395, 398 (5th Cir. 2015) (declining to construe the petitioner's "filing as a timely writ application [before the Louisiana Supreme Court] when the Louisiana Supreme Court's Central Staff explicitly refused to do the same.").

[6] Parenthetically, the undersigned notes that the time for seeking direct review often "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts*, 319 F.3d at 694. However, "If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.*

Moreover, Petitioner did not toll the statute of limitations when he filed his untimely application before the Louisiana Supreme Court or while his untimely application was pending before the Louisiana Supreme Court. See *Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008) (explaining that the time period when an untimely application is pending on direct appeal before the Louisiana Supreme Court is not included in the "time for seeking direct review."); see also *Thomas*, 786 F.3d at 399 ("When Thomas mailed his writ application to the Louisiana Supreme Court on January 8, 2008, his writ application was nearly four months late, and we are bound by *Butler* to hold that Thomas's conviction became final when the thirty-day time limit for seeking review by the Louisiana Supreme Court expired.").

denied Petitioner's Application for Writ of Certiorari and/or Review. *Manning*, 187 So. 3d at 471.

Under United States Supreme Court Rule 13, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Here, Petitioner did not apply for certiorari before the United States Supreme Court. [doc. # 1, p. 3]. Thus, the trial court's judgment became final on May 26, 2016, ninety days after the Supreme Court of Louisiana denied Petitioner's application. *Roberts*, 319 F.3d at 693 ("a state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired.").

Because Petitioner's conviction became final on May 26, 2016, Petitioner had one year, or until May 26, 2017, to file a federal habeas corpus petition. Petitioner did not file the instant Petition until, at the earliest, July 8, 2019.[7] Thus, unless he tolled it, the one-year limitation period bars Petitioner's claims.

**I. Statutory Tolling**

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only as long as the state application remains pending, *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

---

[7] Petitioner signed his Petition on July 8, 2019. [doc. # 1, p. 15].

Here, Petitioner did not file an application for post-conviction relief before the one-year limitation period expired. As noted, Petitioner's conviction became final on May 26, 2016. Absent tolling, the time period for filing a federal habeas corpus petition would expire on May 26, 2017. Petitioner waited until approximately October 10, 2017, to file an application for post-conviction relief before the trial court. [doc. # 1-3, pp. 1-8].

As Petitioner did not file for post-conviction relief in state court before May 26, 2017, Petitioner did not interrupt or statutorily toll the period of limitation. Accordingly, the instant Petition is untimely and should be dismissed absent rare and exceptional circumstances or a credible showing of actual innocence.

## II. Equitable Tolling

The one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Petitioner does not ask the Court to equitably toll the one-year period of limitation. However, as above, he does allege that "he has been trying to obtain a copy of his trial

transcripts to no avail; from the refusal to answer letters inquiring about the transcripts, to motions being filed, the Fourth Judicial District Court, Parish of Ouachita, has shown a total disregard for Petitioner's right to obtain a copy of these trial transcripts." [doc. # 1-2, p. 1]. Again, he also maintains that "all his claim[s] filed in [] Louisiana's court system have been filed without the support his trial transcripts." *Id.*

Petitioner does not present rare and exceptional circumstances: he does not allege that any individual or entity actively misled him about a cause of action, and his lack of access to the trial transcript did not prevent him, "in some extraordinary way," from asserting his rights. See *Lloyd*, 296 F.3d at 633-34 (finding that a state's refusal to provide the petitioner with a complete transcript did not justify equitable tolling: "Mr. Lloyd was present at his trial and knew the basis on which he could have asserted [his claim]; under these circumstances, a petitioner does not need a transcript to proceed with filing a habeas corpus petition.") (citing cases); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (unavailability of a document, the contents of which petitioner had at least constructive knowledge, did not prevent him from raising claim in his habeas petition); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000).[8]

---

[8] See also See *Walck v. Johnson*, 213 F.3d 638 (5th Cir. 2000) (finding that the petitioner did not present rare and exceptional circumstances because the petitioner was "inconsistent with the dates he was denied access to his legal material[,] he [did] not state why he needed his materials to file his federal habeas petition[,] and he [did] not indicate that he was restrained or prevented from filing within the limitations period."); *Caldwell v. Dretke*, 182 F. App'x 346, 347 (5th Cir. 2006) (finding that the district court did not abuse its discretion in denying equitable tolling where the petitioner did not provide "specific evidence of the impact of his medical conditions on his ability to file a timely application [or of] the lack of evidence regarding why certain documents were necessary to the preparation of his application . . . ."); *Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) ("Hatcher has not shown that not having possession of his trial counsel's file prevented him from filing his application, as opposed to proving his claims.").

Even assuming Petitioner presented extraordinary circumstances, Petitioner did not diligently pursue his rights: he waited 502 days after his conviction became final, to file his application for post-conviction relief before the trial court.[9]  See *Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (holding that the petitioner did not diligently pursue his rights because he "did not seek post-conviction relief until 11 months after his conviction had become final" and offered "no explanation for his delay other than his conclusional allegation that he is a pro se litigant with limited resources.").  Moreover, he waited 112 days to file the instant proceeding after the Supreme Court of Louisiana, on post-conviction review, denied his Application for Supervisory and/or Remedial Writs.

Accordingly, this Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), unless Petitioner demonstrates a fundamental miscarriage of justice.

### III. Fundamental Miscarriage of Justice

"Under the fundamental miscarriage of justice exception, a claim of actual innocence, if proven, allows a first-time federal habeas applicant to overcome the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)." *Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).  "To be credible, [an actual innocence] claim requires [the applicant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "Tenable actual innocence claims are rare because the applicant must show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a

---

[9] "Even when a petitioner demonstrates 'rare and exceptional circumstances' for missing the federal habeas deadline, he also must have pursued his claims diligently to justify equitable tolling of the statute of limitations." *Hill v. Johnson*, 265 F.3d 1059 (5th Cir. 2001).

reasonable doubt.'" *Davis*, 768 F. App'x at 265 (quoting *Perkins*, 569 U.S. at 386).

Here, Petitioner does not present any evidence—much less newly-discovered evidence of actual innocence—to support a claim of actual innocence. Absent any evidence, Petitioner cannot establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, Petitioner's claims remain barred by the statute of limitations.

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner David J. Manning Jr.'s Petition for Writ of Habeas Corpus, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

**By this Report and Recommendation, the Court notifies Petitioner that his claims are subject to dismissal as untimely under the one-year period of limitation and that the undersigned is recommending dismissal without ordering Respondents to answer. Petitioner may raise any arguments, or present any evidence, against dismissal during the fourteen-day objection period described below.[10]**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any

---

[10] See *Lewis v. Cockrell*, 33 F. App'x 704 (5th Cir. 2002) ("When a federal district court applies the limitations period *sua sponte,* it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense.").

objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 23rd day of August, 2019.

　　　　　　　　　　　　　　　　　　　　　/s/ Karen L. Hayes
　　　　　　　　　　　　　　　　　　　　　KAREN L. HAYES
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE